**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

MICHELINE BONVINI FRIEDMAN,

     Plaintiff,

        v.

WALGREEN OF SAN PATRICIO, INC., ET
ALS.,

     Defendants.

CIV. NO. 11-1398 (PG)

<u>**OPINION AND ORDER**</u>

    In the instant diversity suit, plaintiff Micheline Bonvini Friedman (hereinafter referred to as "the Plaintiff" or "Mrs. Friedman"), a now eighty-nine (89) year old woman, filed suit pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141, against Walgreens of San Patricio, Inc., Walgreens of Puerto Rico, Inc. and other unknown defendants (hereinafter collectively referred to as "the Defendants") alleging that the Defendants should indemnify her for the damages she sustained as a result of a fall in the parking premises of a Walgreens store in Dorado, Puerto Rico on the night of April 30, 2009. <u>See</u> *Amended Complaint*, Docket No. 9. Plaintiff, who has a handicap parking permit and made use of one such parking on the night in question, complains that she was unable to push her shopping cart to the back of her car in order to load the items purchased at a Walgreens store in Dorado because no ramps leading directly from the curb on the side of the store to the handicap parking space where she had parked her car existed at the time. <u>See</u> Docket No. 9 at ¶ 13. Instead, Plaintiff attempted to carry to her car the items purchased at the store, namely, two gallons of water, and fell as she was stepping off the curb. <u>Id.</u> at ¶ 14. As a result of the fall, Plaintiff sustained a hip fracture and had to undergo two surgeries. <u>Id.</u> at ¶¶ 17-18. Mrs. Friedman now alleges that Defendants' negligence in maintaining a safe parking area for individuals such as Plaintiff who parked in the handicap spaces makes them liable for the damages she has suffered. <u>Id.</u>

     Co-defendant Walgreens of San Patricio, Inc. (hereinafter "Walgreens" or "the Defendant") filed a motion for summary judgment (Docket No. 39) requesting that Mrs. Friedman's case be dismissed and the Plaintiff timely

opposed (Docket No. 45). In its motion, Walgreens argues that, contrary to what the Plaintiff and her named witnesses assert, the handicap access ramps that gave way to the handicap parking space where her car was parked on the night in question did in fact exist. <u>See</u> Docket No. 39. In response, the Plaintiff maintains that in its motion, Walgreens basically discounts Plaintiff's and her witnesses' version of events and asks the court to conclude that these are unbelievable, something the court cannot do at this stage. <u>See</u> Docket No. 45 at page 3. The Court agrees with the Plaintiff.

A motion for summary judgment can only be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir .2004). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000). This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Id.

Herein, the parties' assertions are clearly juxtaposed as to a fact that is the crux of the matter at hand, to wit, whether the ramps that gave access from the sidewalk to the handicap parking spot where Plaintiff was parked existed on April 30, 2009. To decide whether summary judgment is warranted would require that the Court weigh the evidence and decide who is more credible, Plaintiff and her witnesses or the Defendant's. This the Court cannot do. Simply put, Plaintiff's evidence "establishes factual disagreements as to which reasonable minds may differ. No more is exigible … Right or wrong, the plaintiff is entitled to present her case to a jury." See Cortes-Irizarry v. Corporacion Insular De Seguros, 111 F.3d 184, 189(1st Cir.1997)(internal quotations omitted). For the foregoing reasons, this Court hereby **DENIES** the Defendant's motion for summary judgment (Docket No. 39).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 8, 2013.

<u>S/ JUAN M. PEREZ-GIMENEZ</u>
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE